**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**DEXTER W. WHITE,**

      **Petitioner,**

**vs.**                                      **Case No. 4:11cv173-MP/CAS**

**KENNETH TUCKER,**

      **Respondent.**

_____/


**REPORT AND RECOMMENDATION TO DENY § 2254 PETITION**

      Petitioner Dexter W. White, proceeding pro se, filed a petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254 on April 21, 2011, challenging his conviction and

sentence imposed on January 6, 2010, by the Second Judicial Circuit, Leon County,

Florida.  Doc. 1; *see* Doc. 26.  Respondent filed an answer, Doc. 18, and Petitioner filed

a reply, Doc. 20.  Petitioner then filed a supplemental pleading by which he evidently

sought leave to amend his § 2254 petition, as he indicated new claims had become

available since he filed his initial § 2254 petition.  Doc. 24.  Accordingly, this Court

directed Petitioner to file a proper amended petition, Doc. 25, which Petitioner filed on

August 13, 2012, Doc. 26, along with exhibits and a Motion for Emergency Hearing,

Doc. 27.  This Court then directed Respondent to file a response to the Motion for Emergency Hearing.  Doc. 28.

On August 24, 2012, Respondent filed a Response in Opposition to Motion for Emergency Hearing, Doc. 29, as well as a Motion to Expand Record and Incorporated Memorandum of Law, Doc. 30.  Respondent also filed a Second Answer to Petition. Doc. 31.

Petitioner then filed a Motion to Expand Record and Incorporated Memorandum of Law on September 26, 2012, Doc. 32, and another Motion to Expand Record and Incorporated Memorandum of Law October 1, 2012, Doc. 34, both with exhibits. Petitioner also filed a Reply to Respondent's Response in Opposition to Motion for Emergency hearing, Doc. 33, and a Reply to Respondent's Second Answer to Petition, Doc. 35.

After careful consideration of all issues raised, the undersigned has determined that no evidentiary or emergency hearing is required for disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  Accordingly, by separate order, the Court denies Petitioner's motion for emergency hearing.  In addition, in that order, the Court grants Respondent's motion to expand the record as well as Petitioner's motion to expand the record.  The Court accepts Exhibits CC, DD, and EE, provided by Respondent with its answer, Doc. 31, to the amended § 2254 petition.  The Court also accepts Exhibits FF through TT, provided by Petitioner with his motions to expand the record.  Finally, for the reasons stated herein, the § 2254 petition should be denied on the merits.

## **Procedural History**

As indicated above, Petitioner challenges his conviction and sentence imposed on January 6, 2010, by the Second Judicial Circuit, Leon County, Florida, in case number 2009-CF-912A.  Doc. 1; *see* Doc. 26.  By information filed in March 2009, the State of Florida charged Petitioner with grand theft, a third degree felony, in connection with events that took place on March 18, 2009, at Burlington Coat Factory in Leon County, Florida.  Doc. 18 Ex. B at 7.  Petitioner entered a plea of not guilty and proceeded to a jury trial in the Second Judicial Circuit, in and for Leon County; the jury found Petitioner guilty as charged.  *Id.* at 17, 38; *see* Doc. 18 Ex. E (transcript of jury trial).  On January 6, 2010, the circuit court adjudicated Petitioner guilty and sentenced him to 23 months in prison, to run consecutive to any active sentence being served, with 0 days credit for time incarcerated before imposition of the sentence.  Doc. 18 Ex. D at 92-101.  (In July 2009, Petitioner was sentenced to 40 months in prison for violations of probation in other cases:  2006-CF-4038, 2006-CF-3753, and 2006-CF-3499.  *See id.* at 168; Doc. 18 Ex. J at 59-88, 138-64.).  When defense counsel asked the trial judge about credit for time spent in the county jail, the judge responded, "He gets no credit because it's a consecutive sentence.  He's already gotten that credit on the sentence he's currently serving.  So since it's a consecutive sentence, to give it to him on this sentence would essentially give it to him twice, and he's not legally entitled to that."  *Id.* Ex. E at 169-70.

Petitioner appealed to the First District Court of Appeal (DCA), with his appeal assigned case number 1D10-327.  *See id.* Ex. F; online docket for 1D10-327 at

www.1dca.org.  Petitioner's counsel filed an Anders[1] brief.  Doc. 18 Ex. F; online docket

for 1D10-327 at www.1dca.org.  On February 23, 2011, the First DCA issued a per

curiam affirmance without opinion.  Doc. 18 Ex. G; White v. State, 54 So. 3d 978 (Fla.

1st DCA 2011) (table).  The mandate issued on March 22, 2011.  Doc. 18 Ex. H; online

docket for 1D10-327 at www.1dca.org.

   During the pendency of the direct appeal, Petitioner filed a motion to correct

illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) in case number

2009-CF-912A, arguing his scoresheet was improperly calculated, resulting in

imposition of an illegal sentence.  Doc. 18 Ex. J at 107-23.  Also during the pendency of

the direct appeal, Petitioner filed two motions for post-conviction relief pursuant to

Florida Rule of Criminal Procedure Rule 3.850 in case number 2009-CF-912A.  Id. Ex. J

at 1-11, 12-102.  The state circuit court entered an order summarily denying all pending

motions (including those Petitioner had filed in other cases) and, in that order, noted

that the motions Petitioner had filed in case number 2009-CF-912A were dismissed in

separate orders, as unauthorized pro se pleadings.  Id. Ex. J at 134.  Petitioner

appealed to the First DCA and that court per curiam affirmed the case without opinion

on July 13, 2011.  Id. Ex. K; White v. State, 65 So. 3d 1060 (Fla. 1st DCA 2011) (table).

The mandate issued on August 9, 2011.  Doc. 18 Ex. L; online docket for 1D11-1788 at

www.1dca.org.

---

[1]Anders v. California, 386 U.S. 738 (1967).

Petitioner filed additional state post-conviction motions.  He filed a petition for writ of habeas corpus in the First DCA on May 14, 2010, where it was assigned case number 1D10-2598.  Doc. 18 Exs. M, N.  On June 16, 2010, the First DCA dismissed the petition with a citation to Baker v. State, 878 So. 2d 1236 (Fla. 2004).  Doc. 18 Ex. O; White v. State, 41 So. 3d 285 (Fla. 1st DCA 2010).  Petitioner filed a motion for rehearing, which the First DCA denied on August 2, 2010.  Doc. 18 Exs. P, Q.

Petitioner filed a petition for writ of habeas corpus in the Second Judicial Circuit, Wakulla County, on July 21, 2010.  Doc. 18 Ex. S at 1-98.  On September 30, 2010, that court dismissed the petition for lack of jurisdiction because it was not the sentencing court; the court also explained that the claims raised should have been presented on direct appeal or in prior post-conviction proceedings.  *Id.* at 128-29.  Petitioner appealed to the First DCA and that court per curiam affirmed the case without opinion on April 7, 2011.  Doc. 18 Ex. W; White v. Buss, 58 So. 3d 265 (Fla. 1st DCA 2011) (table).  The mandate issued on May 3, 2011.  Doc. 18 Ex. R; online docket for 1D10-5554 at www.1dca.org.

On February 22, 2011, Petitioner filed a third petition for writ of habeas corpus, also in the Second Judicial Circuit, Wakulla County.  Doc. 18 Ex. Y at 1-8.  On April 21, 2011, that court issued an order denying and dismissing the petition with prejudice as frivolous.  *Id.* at 15.  The court stated the petition "is rank assertion of material factual statement that is false; it is completely without merit in law; it is wantonly abusive; and it is flagrantly wasteful of trial and/or appellate court judicial resources and personnel of the State of Florida as well as, the executive branch legal resources and personnel of

the Department of Corrections and/or the Office of the State Attorney to whom such

petitions are regularly directed." *Id.*  The court included additional findings:

> 2.  It is clearly seen from the face of the charging information upon which the defendant's claim is based that said charging document is in full compliance with Rule 3.140 of the Florida Rules of Criminal Procedure. . .. The defendant is specifically identified or referred to by name in the commencement to the charges or claims being made.

> 3.  Accordingly, Dexter W. White, before initiating this litigation knew or should have known that his claim of a defective charging information was patently unsupportable by the facts which manifestly appear upon the face of the information conclusively refuting his claim of not being named and thereby rendering petitioner's claim a rank assertion of material factual statement that is false.

> 4.  Dexter W. White, also before initiating this litigation knew or should have known that making any claim that a charging information clearly referring to him by name in the introductory commencement to the specific essential facts constituting the charges against him was legally defective would be a spurious, frivolous, baseless claim utterly devoid of any legal merit.

*Id.* at 15-17.  The court then provided notice that the Department of Corrections had

grounds to forfeit gain time or the right to earn gain time, to dissuade prisoners from

initiating or pursuing baseless claims.  *Id.* at 17-18.  Petitioner appealed to the First

DCA and that court per curiam affirmed the case without opinion on November 9, 2011.

Doc. 31 Ex. DD; White v. State, 75 So. 3d 275 (Fla. 1st DCA 2011) (table).  The

mandate issued on December 6, 2011.  Doc. 31 Ex. CC; online docket for 1D11-2533 at

www.1dca.org.

A review of the amended § 2254 petition, Doc. 26, Petitioner's motions to expand

the record and exhibits, Docs. 32 and 34, as well as the online docket for the First DCA,

indicates Petitioner has filed additional post-conviction proceedings.  First DCA case

number 1D11-4333 is an appeal, filed on or about August 1, 2011, from the denial of a

Rule 3.850 motion.  *See* online docket for 1D11-4333 at www.1dca.org.  Petitioner filed

a brief.  *See id.*; Doc. 34 Ex. SS.  The First DCA per curiam affirmed the case on March

1, 2012, and the mandate issued March 27, 2012.  *See* online docket for 1D11-4333 at

www.1dca.org; White v. State, 81 So. 3d 422 (Fla. 1st DCA 2012) (table); Doc. 34 Ex.

TT.

Petitioner indicates he filed a Rule 3.850 motion in the Second Judicial Circuit,

Leon County, on or about November 2, 2011, and the court denied that motion on

January 27, 2012.  Doc. 26 at 4-5.  Petitioner indicates that, in that Rule 3.850 motion,

he raised three claims of ineffective assistance of counsel (IAC):  (1) failure to

investigate Miranda violations and move for suppression of evidence; (2) failure to

investigate, depose, and impeach state witness as to alleged confession; and (3) failure

to raise trial court's lack of jurisdiction defense.  *Id.* at 5.  Petitioner has attached, as

Exhibit KK, a portion the record on appeal in First DCA case number 1D12-644, which

contains his Rule 3.850 motion.  Doc. 34 Ex. KK at 1-57.  The appeal, filed on or about

February 7, 2012, is from the denial of a Rule 3.850 motion by the Leon County Circuit

Court.  *See* online docket for 1D12-644 at www.1dca.org.  The First DCA per curiam

affirmed the case on May 11, 2012, and the mandate issued June 6, 2012.  *See id.*;

White v. State, 88 So. 3d 156 (Fla. 1st DCA 2012) (table); Doc. 34 Ex. MM.

Petitioner has attached, as Exhibit FF, the corrected supplemental record on

appeal in First DCA case number 1D12-646.  Doc. 32 Ex. FF.  This is an appeal, filed

on or about February 7, 2012, from the denial of a Rule 3.800(a) motion by the Leon

County Circuit Court.  *See* online docket for 1D12-646 at <u>www.1dca.org.</u>  Petitioner filed

that motion on January 3, 2012, and asserted that court records demonstrated he had

not received an appropriate award of jail credit and he was entitled to credit for 302

days.  Doc. 32 Ex. FF at 17-22.  The First DCA per curiam affirmed that case on May

18, 2012, and the mandate issued June 13, 2012.  *See id*.; <u>White v. State</u>, 88 So. 3d

156 (Fla. 1st DCA 2012) (table).

Most recently, First DCA case number 1D12-3625, filed on or about July 27,

2012, is a habeas corpus petition considered as a petition alleging ineffective assistance

of appellate counsel.  *See* online docket for 1D12-3625 at <u>www.1dca.org</u>.  Petitioner

filed an amended petition on or about August 16, 2012.  *See id.*  The First DCA denied

the petition on the merits on October 8, 2012.  *See id.*  In that proceeding, the First DCA

also denied Petitioner's motion for emergency hearing, filed on or about August 16,

2012.  *See id.*

Petitioner has also filed petitions in the Florida Supreme Court, which that court

has denied and dismissed.  *See* Doc. 32 Exs. II, JJ, NN, OO; <u>White v. Tucker</u>, No.

SC12-707 (Fla. Sept. 21, 2012) (dismissing case and denying "[a]ny motions or other

requests for relief," with a citation to <u>Baker v. State</u>, 878 So. 2d 1236 (Fla. 2004), and

explaining "the Court has determined that relief is not authorized"); <u>White v. State</u>, No.

SC12-1209 (Fla. July 26, 2012) (dismissing case and denying "[a]ny motions or other

requests for relief," with a citation to <u>Baker v. State</u>, 878 So. 2d 1236 (Fla. 2004), and

explaining "the Court has determined that relief is not authorized"); <u>White v. Tucker</u>, No.

SC12-1225 (Fla. July 20, 2012) (denying petition for writ of habeas corpus as

procedurally barred, with citations to <u>Denson v. State</u>, 775 So. 2d 288, 290 (Fla. 2000),

and <u>Breedlove v. Singletary</u>, 595 So. 2d 8, 10 (Fla. 1992), and explaining, "A petition for

extraordinary relief is not a second appeal and cannot be used to litigate or relitigate

issues that were or could have been raised on direct appeal or in prior post-conviction

proceedings.").

## **Analysis**

In the original § 2254 petition filed in this Court, Petitioner alleged only one

ground: "WHERE NAME OF DEFENDANT WAS LEFT OUT OF COUNT(S), HE WAS

NOT IN EFFECT CHARGED WITH OFFENSES AND TRIAL COURT DID NOT HAVE

IN PERSONAM JURISDICTION TO TRY HIM."  Doc. 1 at 4.  Petitioner indicated he

had raised this claim in state court by petition for writ of habeas corpus and by petition

for writ of mandamus.  *Id.*  In the amended § 2254 petition, Petitioner raises five

grounds, set forth individually below.  *See* Doc. 26.  Ground 5 appears similar to his

original claim.  *See* Doc. 26.

In the second answer, Respondent objects to Petitioner being provided leave to

file "any further amended petitions" as Respondent has now invested resources in

responding to two petitions filed by Petitioner.  Doc. 31 at 1 n.1.  Respondent then

addresses each of the grounds.  None of the grounds raised warrant federal habeas

corpus relief.

## Ground 1: Jail Credit

In Ground 1 of the amended § 2254 petition, "Petitioner contends, the Court

imposed sentence should have allowed credit for all entitled time he spent in the county

jail before sentencing.  In this case, sentence does not mandate credit for all entitled

time served is illegal.  Thus, violating USCA Const. Amend. 14; 42 U.S.C. § 1983."

Doc. 26 at 8.  Petitioner argues he is entitled to 172 days of pre-sentence jail credit.  *Id.*

Petitioner indicates he raised this claim in state court in a motion to correct illegal

sentence.  *Id.*  Respondent argues Ground 1 is not a federal claim, is not properly

exhausted, is not procedurally defaulted, and lacks merit.  Doc. 31 at 6-13.

A review of the exhibits attached to Respondent's answer indicates that

Petitioner did file a post-conviction motion raising the issue of jail credit, the state trial

court denied that motion, and the First DCA affirmed the appeal therefrom.  Assuming

Petitioner has thus exhausted this ground and the state court denied his claim on the

merits, it does not warrant federal habeas corpus relief.

The United States Supreme Court has explained that, "[a]s amended by [the

Antiterrorism and Effective Death Penalty Act of 1996] AEDPA, 28 U.S.C. § 2254 sets

several limits on the power of a federal court to grant an application for a writ of habeas

corpus on behalf of a state prisoner."  Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).

> Section 2254(a) permits a federal court to entertain only those applications
> alleging that a person is in state custody "in violation of the Constitution or
> laws or treaties of the United States."  Sections 2254(b) and (c) provide
> that a federal court may not grant such application unless, with certain
> exceptions, the applicant has exhausted state remedies.
>
> If an application includes a claim that has been "adjudicated on the
> merits in State court proceedings," § 2254(d), an additional restriction
> applies.  Under § 2254(d), that application "shall not be granted with
> respect to [such a] claim . . . unless the adjudication of the claim":

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" *Id.* "The petitioner carries the burden of proof." *Id.*

Here, Petitioner has not shown that the state court's adjudication of his jail credit claim was contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or resulted in a decision based on an unreasonable determination of the facts given the evidence presented in the state court proceeding. Indeed, a review of the transcript of the sentencing proceeding, quoted above, indicates the trial judge did not award any credit for time Petitioner spent in jail prior to sentencing because the sentence being imposed was to run consecutive to another sentence, for which Petitioner had already received that credit. *See* Doc. 18 Ex. E at 169-70. This was proper under Florida law. *See, e.g.*, Daniels v. State, 491 So. 2d 543, 545 (Fla. 1986) ("[W]e find that when, pursuant to section 921.161(1), a defendant receives pre-sentence jail-time credit on a sentence that is to run *concurrently* with other sentences, those sentences must also reflect the credit for time served. . . . We distinguish this situation from one in which the defendant does not receive concurrent sentences on multiple charges; in such a case the defendant 'is not entitled to have his jail time credit pyramided by being given credit *on each sentence* for

the full time he spends in jail awaiting disposition." (quoting Martin v. State, 452 So. 2d

938, 938-39 (Fla. 2d DCA 1984))); Faircloth v. State, 50 So. 3d 788, 790 (Fla. 1st DCA

2010) ("'[A]ny person sentenced must receive credit for all time spent in jail prior to the

imposition of sentence.'  When consecutive sentences are imposed, however, 'the

defendant is not entitled to have his jail time credit pyramided by being given credit *on

each sentence* for the full time he spends in jail awaiting disposition.'" (citations

omitted)).  Moreover, to the extent Petitioner is alleging that the trial court improperly

applied the Florida jail credit statute, section 921.161, Florida Statutes, such a claim is

not reviewable in a federal habeas corpus proceeding because it presents a question of

purely state law.  *See* McDaniel v. Sec'y, Dep't of Corr., 2011 WL 6258461, *5 (M.D.

Fla. Dec. 13, 2011) ("To the extent McDaniel is alleging that the state trial court

improperly applied Florida's crediting statute, § 921.161, Florida Statutes, the claim

presents a matter of state law for which federal habeas corpus relief does not lie.");

Griffin v. Fla., 2009 WL 691327, *6 (N.D. Fla. Mar. 13, 2009) (unpublished decision

citing Travis v. Lockhart, 925 F.2d 1095, 1097 (8th Cir. 1991) (holding interpretation of

state jail credit statute is matter of state concern and not proper function of federal court

under its habeas corpus jurisdiction));.  Accordingly, Ground 1 should be denied.

<u>Ground 2: IAC – Failure to File Motion to Suppress</u>

In Ground 2, Petitioner asserts his "rights [were] violated due to ineffective

assistance of counsel for failure to properly investigate Miranda violation and failure to

move court for suppression of alleged confession evidence.  Thus, violating USCA

Const. Amend.(s) 5, 6, 14."  *Id.*  Petitioner argues his alleged confession was

inadmissible and counsel should have moved to suppress it pursuant to the corpus delicti rule. *Id.* Petitioner indicates he raised this claim in state court in a motion for post-conviction relief. *Id.* at 8-9. Respondent asserts this claim is unexhausted and procedurally defaulted. Doc. 31 at 13.

As Respondent indicates, Petitioner did not raise this claim in his first Rule 3.850 motion filed in January 2010, during the pendency of his direct appeal. From a review of the exhibits filed in this proceeding, Petitioner filed a subsequent Rule 3.850 motion in Leon County Circuit Court, which the state trial court denied; however, the trial court's order is not included in the exhibits in this proceeding. Petitioner appealed that order on or about August 1, 2011, and the First DCA affirmed the trial court's order. *See* White v. State, 81 So. 3d 422 (Fla. 1st DCA 2012) (table); online docket for 1D11-4333 at www.1dca.org.

Thereafter, on or about November 2, 2011, Petitioner filed yet another Rule 3.850 motion in the Leon County Circuit Court. *See* Doc. 26 at 4-5. It is this Rule 3.850 motion in which Petitioner indicates he raised this claim of ineffective assistance of counsel. *See id.* Petitioner has provided a copy of the Rule 3.850 motion as Exhibit KK in this proceeding. *See* Doc. 34 Ex. KK. In the motion, Petitioner asserted that his defense counsel failed to properly investigate his Fifth Amendment right to Miranda warnings and procedures and the circumstances surrounding his alleged oral confession, and further failed to move to suppress the alleged confession. *Id.* at 9. Petitioner asserted the confession was fabricated and multiple contradictions existed in the testimony of the State's witnesses. *Id.* Petitioner asserted that he specifically asked

for an attorney during Leon County Sheriff Deputy Lee's reading of Miranda rights, and the questioning should have ended then, but Deputy Lee and Burlington Loss Prevention Officer Miller kept questioning Petitioner.  *Id.* at 10-11.  Petitioner asserted Miller's testimony about Petitioner's confession was not credible, and Deputy Lee falsely testified that he read Petitioner the complete Miranda warning rights; these witnesses are not credible.  *Id.* at 14-27.  Petitioner asserted that if defense counsel had moved to suppress his "alleged Post-Miranda statements of confession," there is a reasonable probability motion would have been granted and the evidence would not have come into the trial proceeding.  *Id.* at 32.  Petitioner makes these same assertions in the attachment to the amended § 2254 petition.  *See* Attachment to Doc. 26 at 9-34.

The state trial court denied the Rule 3.850 motion; however, that order is not included in the exhibits in this proceeding.  Petitioner appealed to the First DCA on or about February 7, 2012, and the First DCA affirmed the trial court's order.  *See* White v. State, 88 So. 3d 156 (Fla. 1st DCA 2012) (table); online docket for 1D12-644 at www.1dca.org.

Although the trial court's order denying the Rule 3.850 motion is not included in the exhibits,[2] Petitioner has provided a copy of the brief he filed in the appeal from that order.  Doc. 34 Ex. LL.  In the brief, Petitioner indicates the trial court denied his IAC

---

[2]Ordinarily, the Court would require that a copy of the order be filed.  In this case, however, the portions of the order that Petitioner quotes appear complete as far as necessary to dispose of his argument.

claim for failure to properly investigate Miranda violations and file a motion to suppress,

and the trial court gave the following reasons for that denial:

> a.  "[Deputy] Lee attended both the VOP hearing and the subsequent trial and testified that Defendant was read his Miranda rights, waived them, and confessed."

> b.  "Defendant's allegation that he asked for an attorney is refuted by his VOP Hearing testimony that he waived his rights."

> c.  "There is no reasonable probability that a motion to suppress on the proposed grounds would have succeeded."

> d.  "The allegations at issue are either exaggerated or completely refuted by the record."

> e.  "A majority of the allegations raise issues of credibility regarding [Loss Prevention Officer] Miller's and Lee's testimonies of the confession itself, not Defendant's waiver of his right to counsel."

> f.  "Defendant claims that his confession was improperly admitted into evidence absence [sic] the corpus delicti of the offense.  This claim was cognizable on direct appeal, and is therefore barred from consideration."

> g.  "The State could easily have established the corpus of the crime without the aid of Defendant's confession."

*Id.* at 5.  Thus, from what Petitioner has provided, it appears the state post-conviction

court denied this IAC claim on the merits.

Because Petitioner contends he was denied his constitutionally guaranteed right

to the effective assistance of counsel, his claim is governed by the holding in <u>Strickland</u>

<u>v. Washington</u>, 466 U.S. 668 (1984).  In <u>Strickland</u>, the U.S. Supreme Court adopted a

two-part test for claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the

Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687.  To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness."  *Id.* at 688. To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct. at 1388.  For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schiro v. Landrigan, 550 U.S. 465, 473 (2007)).  "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  *Id.*  It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard."  *Id.*

Here, assuming the state post-conviction trial court applied the Strickland test and denied Petitioner's claim on the merits, that determination is entitled to deference and review is limited to the record before the state court.  *See* Cullen, 131 S.Ct. at 1388.

A review of the transcript of the jury trial proceedings supports the post-conviction court's finding that Deputy Lee testified that he read Petitioner his Miranda rights, Petitioner waived those rights, and Petitioner confessed.  See Doc. 18 Ex. E at 84-91.

Specifically, at the trial, Deputy Lee testified that, prior to asking Petitioner any questions, he informed Petitioner of his Miranda warnings.  *Id.* at 84.  Lee testified that he read the warnings "per card" and always carries the card in his rear pocket.  *Id.*  He read it to Petitioner "[v]erbatim."  *Id.*  Lee then read the card as part of his testimony:

> The card says: You have the right to remain silent.  Anything you say can and will be used against you in a court of law.  You have the right to talk to a lawyer and have him present with you while you are being asked.  If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish.  You can decide at any time to exercise these rights and not answer any questions or make any statements.

*Id.* at 85.  Lee testified he asked Petitioner if he understood these rights and Petitioner indicated he did.  *Id.*  Lee asked whether Petitioner had requested to speak to any attorney, and Petitioner answered no.  *Id.* at 85-86.  Then, Lee asked Petitioner whether he wanted to talk, and Petitioner said yes.  *Id.* at 86.  Deputy Lee testified regarding Petitioner's verbal statements:

> Mr. White stated, I knew she [Tasha] was getting clothes but not that much.  I didn't know the bag could hold that much.  He went on to state that when he walked into the store, he observed, these are his words, how fine she was and he stated, I thought if I helped her get some clothes, I might get some sex.  I then asked him did he have any money to pay for the items.  He said no.

*Id.* at 88.  The prosecutor questioned Deputy Lee about Petitioner's statement and showed Deputy Lee State's Exhibit 5, which was the original written statement made by

Petitioner.  *Id.* at 89.  Deputy Lee identified the statement as the original and testified it

was "in the same or substantially the same condition" as when it was impounded into

evidence in March 2009.  *Id.*  The prosecutor then moved the exhibit into evidence with

no objection by defense counsel.  *Id.*  Deputy Lee then read the statement:

> It says: I, Dexter White, make the following true and voluntary statement.  I have been read my rights as set forth in Miranda warning and fully understand them.  No threats, promises or rewards have been offered to me.  I was born June 19, 1960 and have – he didn't indicate his education.  I can read and write the English language.
>
> I came to the store with Tasha so she could buy clothes for her children.  I didn't know she was going to shoplift.  I will do anything to assist in bringing her in.  Tasha left the store and I don't know where she is, but I know where she lives.

*Id.* at 90.  In addition, from the portions of the VOP hearing transcript[3] quoted by

Petitioner and, as evidently referenced by the post-conviction trial court, Petitioner

testified at his VOP hearing as follows:

> I was detained until approximately 10:00 p.m. at some point between - - at that point at 10:00 p.m. Mr. Lee, *Officer Lee, came in read me my rights*, I signed and made the statement (See Exhibit - E, Miranda Warning Form), they decided to arrest me at that time.

Attachment to Doc. 26 at 14 (emphasis added).  Given this testimony and evidence, the

post-conviction court reasonably concluded that a motion to suppress on the grounds

Petitioner offers would not have succeeded.

Petitioner argues in this proceeding, as he referred to in his state court

---

[3]Again, ordinarily the Court would require the transcript to be filed.  In this case, however, the portions quoted by Petitioner appear complete as far as necessary to dispose of his argument.

proceeding, defense counsel was ineffective for failing to move to suppress the alleged

confession due to the corpus delecti rule violation.  *See* Attachment to Doc. 26 at 7.

Petitioner argues "[t]here's no independent direct or circumstantial evidence . . . to

substantiate the occurrence of grand theft."  *Id.*  As Respondent notes in the answer, a

video surveillance tape of the crime was played during the trial.  Doc. 31 at 13 n.8; *see*

Doc. 18 Ex. E at 31-36.  Thus, as the post-conviction court evidently concluded, the

State could have easily established the crime even without Petitioner's confession.

Therefore, it was not unreasonable for the state post-conviction court to conclude

that Petitioner's trial counsel's performance was not deficient.  And, even assuming

deficient performance, it was not unreasonable for the state court to conclude that

Petitioner did not demonstrate any prejudice given the video surveillance depicting the

crime.  Under the double deferential review this Court applies to a Strickland claim

evaluated pursuant to the § 2254(d) standard, Petitioner's ineffective assistance of

counsel claim fails.  Accordingly, Ground 2 should be denied.

<u>Ground 3: IAC – Failure to Properly Investigate and Depose Witness</u>

In Ground 3, Petitioner asserts his "rights [were] violated due to ineffective

assistance of counsel for failure to properly investigate, depose state witness, and

impeach state witness as to defendant's alleged oral confession.  Thus, violating USCA

Const. Amend. 6, 14."  *Id.* at 9.  Petitioner asserts that the failure to depose the state

witness, where the witness changed his testimony, harmed the defense relating to the

alleged confession.  *Id.*  Petitioner indicates he raised this claim in state court in a

motion for post-conviction relief.  *Id.*  Respondent asserts this claim is unexhausted and

procedurally defaulted.  Doc. 31 at 13-14.

As with Ground 2, Respondent indicates Petitioner did not raise this claim in his first Rule 3.850 motion and, therefore, it is unexhausted and procedurally defaulted.  As detailed in the analysis of Ground 2 above, on or about November 2, 2011, Petitioner filed a subsequent Rule 3.850 motion in the Leon County Circuit Court.  *See* Doc. 26 at 4-5.  It is this Rule 3.850 motion in which Petitioner indicates he raised this claim of ineffective assistance of counsel.  *See id.*

Petitioner has provided a copy of that Rule 3.850 motion as Exhibit KK in this proceeding.  *See* Doc. 34 Ex. KK.  In the motion, Petitioner asserted that his defense counsel failed to properly investigate, depose, and impeach Deputy Lee and Loss Prevention Officer Miller regarding Petitioner's alleged confession.  *Id.* at 33.  Petitioner quoted portions of the transcripts of his violation of probation hearing and trial that included testimony by Deputy Lee and Officer Miller.  *Id.* at 34-37.  Petitioner asserted that Miller recanted and gave contradictory statements regarding Petitioner's alleged confession, and if defense counsel had properly investigated, he would have found "and brought before the Court and jury the impeachable contradictions and the credibility of Miller's testimony of the alleged oral confession, there's a reasonable probability that the result of the trial would have been different."  *Id.* at 37.  Similar to allegations in Ground 2, Petitioner asserted the alleged oral confession was fabricated.  *Id.* at 47. Petitioner asserted that counsel's failure to investigate and depose Miller constituted deficient performance and "undermined the adversarial testing process."  *Id.* at 49. Petitioner makes these same assertions in the attachment to the amended § 2254

petition.  *See* Attachment to Doc. 26 at 9-34.

The state trial court denied the Rule 3.850 motion; however, as indicated in the analysis of Ground 2 above, that order is not included in the exhibits in this proceeding. Petitioner appealed to the First DCA on or about February 7, 2012, and the First DCA affirmed the trial court's order.  *See* White v. State, 88 So. 3d 156 (Fla. 1st DCA 2012) (table); online docket for 1D12-644 at www.1dca.org.

Although the trial court's order denying the Rule 3.850 motion is not included in the exhibits, Petitioner has provided a copy of the brief he filed in the appeal from that order.  Doc. 34 Ex. LL.  In the brief, Petitioner indicates the trial court denied his IAC claim for failure to properly investigate and made the following findings:

> a.  "In support of this claim, he [Defendant] alleges that (1) Miller recanted his VOP hearing testimony that he heard Defendant confess when questioned out-of-Court by counsel, and (2) at trial, Miller testified that he heard the confession, yet did not mention it in his sworn affidavit regarding the incident.  The record reveals that both issues were developed under oath of [sic] the VOP hearing, so a deposition was unnecessary."
>
> b.  "There is no reasonably probability that the limited impeachment possible on those issues would have made any difference. . . . Miller would have simply echoed the plausible explanation that he gave at the VOP hearing for his omission of the confession in his affidavit, and any reference to his out-of-Court recantation would have been overshadowed by his reaffirmation at trial, the surveillance video, and Deputy Lee's testimony."
>
> c.  "Defendant's own allegations evince that counsel's decision not to press the recantation issue was a considered, strategic one."

*Id.* at 8.  Thus, from what Petitioner has provided, it appears the state post-conviction court denied this IAC claim on the merits.

As with the analysis of Ground 2 above, assuming the state post-conviction trial

court applied the Strickland test and denied Petitioner's IAC claim on the merits, that

determination is entitled to deference and review is limited to the record before the state

court.  See Cullen, 131 S.Ct. at 1388.  A review of the quoted portions of the VOP

transcript provided by Petitioner as well as the transcript of the jury trial proceedings

supports the post-conviction court's findings quoted above.  Specifically, as the post-

conviction trial court found, the issues of Miller's recantation and Miller's failure to

mention in his affidavit that he heard Petitioner's confession, were developed at the

VOP hearing.  See Attachment to Doc. 26 at 35-43.  Miller testified at the VOP hearing:

> Q: Is that your handwritten statement?
>
> A: Yes this is mine.  Okay.  He took merchandise off the rack, which I saw
> him do.
>
> Q: I understand that, but the statement about this motive for doing that,
> essentially – after you wrote the statement, and this was all after the
> events unfolded, you never included that statement that Mr. White told
> you, this information in your statement that day, did you?
>
> A: I mean like I said, you've got to understand, I have got a lot –
>
> Q: Yes or no?
>
> A: – of stuff I being going through.  So I probably forgot to write, which I
> did forget to write, what he actually told me.  But, that's what was said.

Attachment to Doc. 26 at 40.  Based on the portions of the order quoted by Petitioner,

the post-conviction trial court reasonably concluded that Miller's explanation was

"plausible" and any impeachment attempt would have resulted in Miller testifying again,

affirmatively, concerning Petitioner's confession.  The post-conviction trial court properly

noted that any impeachment would have also been "overshadowed" by the surveillance

video evidence as well as Deputy Lee's testimony.  In these circumstances, the post-conviction trial court also reasonably concluded that defense counsel's decision in this regard was "a considered, strategic one."

Therefore, it was not unreasonable for the state post-conviction court to conclude that Petitioner's trial counsel's performance was not deficient.  And, even assuming deficient performance, it was not unreasonable for the state court to conclude that Petitioner did not demonstrate any prejudice given the video surveillance depicting the crime.  Under the double deferential review this Court applies to a Strickland claim evaluated pursuant to the § 2254(d) standard, Petitioner's ineffective assistance of counsel claim fails.  Accordingly, Ground 3 should be denied.

### Ground 4: IAC – Failure to Challenge In Personam Jurisdiction

In Ground 4, Petitioner asserts his "rights [were] violated due to ineffective assistance of counsel for failure to raise Court's lack of in personam jurisdiction defense.  Thus, violating USCA Const. Amend. 6, 14; 42 U.S.C. § 1983."  *Id.*  Petitioner asserts the trial court lacked in personam jurisdiction to try him due to the failure of the State Attorney's Office to indicate him as accused in the charged count on the information, resulting in his conviction of an uncharged crime.  *Id.*  Petitioner indicates he raised this in a state court motion for post-conviction relief.  *Id.* at 9-10.  Respondent asserts this claim is unexhausted and procedurally defaulted.  Doc. 31 at 14.

As Respondent indicates, as with Grounds 2 and 3, Petitioner did not raise this claim in his Rule 3.850 motion filed in January 2010, during the pendency of his direct appeal.  As discussed above in the analysis of Grounds 2 and 3, from a review of the

exhibits filed in this proceeding, Petitioner filed a subsequent Rule 3.850 motion in Leon County Circuit Court, which the state trial court denied; however, the trial court's order is not included in the exhibits in this proceeding.  On appeal, the First DCA affirmed the trial court's order.  *See* White v. State, 81 So. 3d 422 (Fla. 1st DCA 2012) (table); online docket for 1D11-4333 at www.1dca.org.

Even assuming Petitioner properly presented this claim and the post-conviction trial court denied it on the merits, as Respondent also points out, counsel cannot be ineffective for failing to raise a meritless argument.  *See, e.g.*, United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").  As explained in the analysis of Ground 5 below, the Information plainly identified Petitioner as the defendant and the individual who committed the offense, and provided Petitioner with notice of the crime he was alleged to have committed.  *See* Doc. 18 Ex. C at 7.  Therefore, Ground 4 should be denied.

<u>Ground 5: Lack of In Personam Jurisdiction</u>

Finally, in Ground 5, Petitioner asserts:  "Where name of defendant was left out of count(s) was defendant in effect charged with offenses, and did trial court have in personam jurisdiction, to try defendant.  Thus, violating USCA Const. Amend. 14, 42 U.S.C. § 1983."  *Id.* at 10.  Petitioner argues his judgment, conviction, and sentence are illegal due to lack of personal jurisdiction, an error in complying with Florida Rule of Criminal Procedure 3.140 in the charging document, and convicting him of an

uncharged crime.  *Id.*  Petitioner states he raised this claim in a state petition for habeas

corpus.  *Id.*   Respondent asserts this claim is not a federal claim, is unexhausted and

procedurally defaulted, and lacks merit.  Doc. 31 at 15.

From a review of the exhibits filed in this proceeding, Petitioner did raise this

claim in a petition for habeas corpus filed in the Second Judicial Circuit, Wakulla

County.  Doc. 18 Ex. Y at 1-8.  That court denied the petition finding, among other

things, the information complied with Florida Rule of Criminal Procedure 3.140.  Doc. 18

Ex. Y at 15.  Even assuming Petitioner exhausted this claim in state court, however, this

ground lacks merit.  A copy of the information is attached as part of Exhibit C to the

response filed in this proceeding.  *See* Doc. 18 Ex. C at 7.  The information identifies

Petitioner as the Defendant and includes, in the caption, the Petitioner's name, date of

birth, and Social Security number.  *See id.*  The information charges "the above-named

defendant" with one count:

> On March 18, 2009, did knowingly obtain, use, or did endeavor to obtain
> or to use clothing merchandise including youth clothing of the value of
> $300 or more, the property of Burlington Coat Factory, with the intent to
> either temporarily or permanently deprive the other person of a right to the
> property or a benefit therefrom or to appropriate the property to his or her
> own use or to the use of any person not entitled thereto, contrary to
> Section 812.014(2)(c)1., Florida Statutes.

*Id.*  Petitioner has not shown that the state court erred in finding that the information

complied with Florida Rule of Criminal Procedure 3.140.  Moreover, to the extent

Petitioner asserts the state court erred in applying the Florida rule, federal habeas

review of such a claim is precluded if no federal constitutional issues are presented.

*See, e.g.*, Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (explaining that errors that do

not infringe on defendant's constitutional rights provide no basis for federal habeas

corpus relief: "We have stated many times that 'federal habeas corpus relief does not lie

for errors of state law.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)));

McCullough v. Singletary, 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of

its own laws or rules provides no basis for federal habeas corpus relief, since no

question of a constitutional nature is involved.").  Ground 5 should be denied.

## Conclusion

Based on the foregoing, Petitioner is not entitled to federal habeas relief.  The

amended § 2254 petition (Doc. 26) should be denied on the merits.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant," and if a certificate is

issued "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal

must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional

right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)

(explaining substantial showing) (citation omitted).  Therefore, the Court should deny a

certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order,

the court may direct the parties to submit arguments on whether a certificate should

issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner's amended § 2254 petition on the merits (Doc. 26).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 18, 2012.


S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**